UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINE GRYS,

       Plaintiff,

v.                                                            **DECISION AND ORDER**
                                                                               12-CV-052S

E & R INDUSTRIAL SALES, INC., AL FROEBEL,
and DAVID FACKELMAN,

       Defendants.

       1.       *Pro se* Plaintiff, Christine Grys, alleges that her former employer discriminated against her on the basis of her sex.[1] She therefore brings this action under Title VII of the Civil Right Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq*. Defendants – E &R Industrial Sales, Al Froebel, and David Fackelman – presently move to dismiss the complaint as untimely. For the following reasons, the motion is deferred until Grys files a supplemental affidavit, or the time for her to do so expires.

       2.       Before bringing this suit, Grys filed a discrimination complaint with the New York State Division of Human Rights ("Human Rights Division"), as required by law. See 42 U.S.C. § 2000e-5(c). Pursuant to the statutory framework of Title VII and New York State law, that complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). After performing an investigation, the Human Rights Division found no probable cause and dismissed the complaint; the EEOC then adopted the Human

---

[1] *Pro se* submissions are construed liberally and are treated as raising the strongest arguments that they might suggest. Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

Rights Division's findings.

3.      When the EEOC dismisses a charge and decides not to pursue a civil action, as it did here, it notifies the claimant through a "right-to-sue" letter. That letter also informs the claimant, in bold print, of the statutory requirement that she has 90 days to bring a civil action. 42 U.S.C. § 2000e–5(f)(1); see Richards v. N. Shore Long Island, No. CV 10-4544, 2011 WL 6102055, at *4 (E.D.N.Y. Dec. 6, 2011). This letter was sent on October 14, 2011, and Grys acknowledges that she received it on October 20, 2011. (Complaint, ¶ 18, Docket No. 1; EEOC Letter, attached as Ex. B to Rogoff Aff., Docket No. 8-3.) But she did not file this civil action until January 20, 2012 – 92 days after receiving the letter. (See Docket No. 1.) Because the 90-day period begins to run on the date when the claimant receives the right-to-sue letter, Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996), Grys missed the deadline by two days. On this basis, Defendants move to dismiss the complaint.

4.      The 90-day time period is not a jurisdictional requirement, but is a limitation period subject to equitable tolling. Zipes v. Trans World Airlines. Inc., 455 U.S. 385, 398, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir.1989). Equitable tolling, however, is only available in "rare and exceptional" circumstances, where, despite diligent effort, the plaintiff prevented from filing in accordance with the statutory requirements. Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003).

5.      In response to Defendants' motion to dismiss, Grys offers no explanation for the delay; instead she contends that she signed the complaint on January 18, 2011, which is within the limitations period. But the time of singing is irrelevant; the date of filing

controls. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"); see also 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1504 (3d ed. 1998) (one purpose of Rule 3 is to determine whether the action is barred by the applicable statute of limitations). Given Grys' *pro se* status, however, this Court will allow her to file a supplemental affidavit explaining what, if anything, prevented her from filing a timely complaint. The statements in the affidavit must be made under penalty of perjury. See 28 U.S.C. § 1746.

****

IT HEREBY IS ORDERED, that Plaintiff may file a supplemental affidavit explaining what caused the delay in filing her Complaint with this Court. If Plaintiff chooses to do so, the affidavit must be filed by December 5, 2012.

FURTHER, if filed, Defendants' response is due December 17, 2012. Until then, Defendants' Motion to Dismiss (Docket No. 8) is Deferred.


Dated:   November 10, 2012
         Buffalo, New York

                                                /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                Chief Judge
                                                United States District Court