UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINE GRYS,

        Plaintiff,

v.

E & R INDUSTRIAL SALES, INC., AL FROEBEL,
and DAVID FACKELMAN,

        Defendants.

**DECISION AND ORDER**
12-CV-052S

1.    In a Decision and Order dated November 10, 2012, this Court noted that Plaintiff, Christine Grys, filed her Title VII claim outside the applicable statute of limitations. (Docket No. 15.) It further noted that Grys' explanations for this late-filing failed to rise to a level that would allow this Court to apply the doctrine of equitable tolling. Typically, this would have resulted in dismissal of the complaint. But given Grys' *pro se* status, this Court permitted her to file a supplemental affidavit, wherein she could better explain the circumstances leading to the late filing.

2.    Grys took that opportunity, and on November 29, 2012, filed such an affidavit. (Docket No. 16). In it, she reiterates that she signed the pleading within the limitations period. She also explains that "there was a delay with" her attorney, who declined to pursue the case. And, during the relevant time, she was preoccupied with personal matters.

3.    As an initial matter, this Court has already addressed Grys' contention that the complaint should be deemed timely because she signed it within the limitations period. (See Docket No. 15, at ¶ 5.) In her most recent affidavit, she seems to suggest that she filed the complaint on the same day that she signed it, placing blame for the two-day delay

on the Clerk's Office. But her complaint was date-stamped, like all complaints, with the date that it was provided to the Clerk's office – in this case, January 20, 2012, two days outside the limitations period.[1] This contention cannot save her claim.

4.  The remaining causes for the delay are simply not "rare and exceptional" circumstances. See Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). And Grys has not shown, as she must, that, despite diligent effort, she was prevented from filing in accordance with the statutory requirements. Id.; Molnar v. Legal Sea Foods, Inc., 473 F. Supp. 2d 428 (S.D.N.Y. 2007).

5.  In cases such as these, this Court must put aside "sympathy for particular litigants," see Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984), and strictly enforce the limitations period. Manley v. N.Y. City Police Dept., No. CV-05-679(FBLB), 2005 WL 2664220, at *3 (E.D.N.Y. Oct. 19, 2005) (Courts must strictly enforce statute-of-limitations deadlines even where the plaintiff is proceeding *pro se*). In fact, "[i]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir.1984). As such, because Grys offers no recognized equitable consideration for the delay, her Title VII claim must be dismissed as untimely. See, e.g., Moscowitz v. Brown, 850 F. Supp. 1185, 1192 (S.D.N.Y.1994) (finding Title VII action untimely where filed 91 days after receipt of the right-to-sue letter); Ford v. Consol. Edison Co. of N.Y., Inc., No. 03 Civ. 9587(PAC), 2006 WL 538116, at *6–7 (S.D.N.Y. Mar. 3, 2006) (same, where plaintiff was acting *pro se* and delay was 92 days).

---

[1] This Court has confirmed the procedure with the Clerk's Office.

\*\*\*\*

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 8) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: December 31, 2012
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
